CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 25 2017

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REGAN DWAYNE REEDY and <br> SUSAN ANNETTE REEDY, <br><br> Plaintiffs, <br><br> v. <br><br> RICK MOUNTCASTLE, <br> RANDY CARGILL, and <br> THE UNITED STATES OF AMERICA, <br><br> Defendants. | Civil Action No. 7:17CV226 <br><br> **MEMORANDUM OPINION** <br><br> Hon. Glen E. Conrad <br> Chief United States District Judge |

Regan Dwayne Reedy and Susan Annette Reedy, proceeding pro se, filed this action against Rick Mountcastle, acting United States Attorney for the Western District of Virginia, and Randy Cargill, Assistant Federal Public Defender for the Western District of Virginia. Although plaintiffs' complaint is not completely clear, plaintiffs appear to be alleging that they are entitled to immunity from criminal prosecution pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq., and that defendants failed to properly take their oaths of office, and therefore, do not have the authority to prosecute plaintiffs in a criminal matter currently pending before this court. The plaintiffs seemingly request certain funds returned to them and that the criminal proceeding against them be dismissed. For the reasons stated, the court will dismiss plaintiffs' complaint.

## Discussion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court is required to liberally construe pro se complaints, the court need

not advocate for the pro se plaintiff or ignore an obvious failure to allege facts giving rise to a plausible claim for relief. See Erikson v. Pardus, 551 U.S. 89, 94 (2007); Lee v. Johnson, 793 F. Supp. 2d 798, 801 (W.D. Va. 2011). "Even when a plaintiff has paid the full filing fee, the district court retains the discretion to dismiss the claims sua sponte." Berry v. Gorman, No. 7:12CV500, 2012 WL 5941488, at *1 (W.D. Va. Nov. 27, 2012) (citing United Auto Workers v. Gaston Festivals, Inc., 43 F.3d 902, 905-06 (4th Cir. 1995)). Additionally, a district court has the authority to sua sponte dismiss an action if it is factually or legally frivolous. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); Rosser-El v. United States, No. AW-02-293, 2002 WL 32361842 (D. Md. Apr. 2, 2002), aff'd, 50 F. App'x 111, 2002 WL 31476925 (4th Cir. Nov. 6, 2002). The court concludes that the plaintiffs' claims fail to allege a plausible claim for relief and are frivolous. Accordingly, the court will dismiss plaintiffs' complaint.

## Conclusion

For the foregoing reasons, the plaintiffs' complaint will be dismissed. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiffs and all counsel of record and to return the filing fee to plaintiffs. The Clerk is further directed to strike this case from the court's active docket.

DATED: This 25th day of May, 2017.

_____
Chief United States District Judge

2