CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUN 23 2017

JULIA␣ DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REGAN DWAYNE REEDY and<br>SUSAN ANNETTE REEDY,<br><br>Plaintiffs,<br><br>v.<br><br>RICK MOUNTCASTLE,<br>RANDY CARGILL, and<br>THE UNITED STATES OF AMERICA,<br><br>Defendants. | Civil Action No. 7:17CV226<br><br>**MEMORANDUM OPINION**<br><br>Hon. Glen E. Conrad<br>Chief United States District Judge |

Plaintiffs Regan Dwayne Reedy and Susan Annette Reedy, proceeding pro se, filed this action against Rick Mountcastle, acting United States Attorney for the Western District of Virginia, and Randy Cargill, Assistant Federal Public Defender for the Western District of Virginia. On May 25, 2017, the court dismissed the case for failing to state a plausible claim for relief and as frivolous. Plaintiffs have now filed the instant motion, which the court will treat as a motion for relief from a judgment or order pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion will be denied.

### Background

The allegations in plaintiffs' complaint are not completely clear. It appears that plaintiffs complained that defendants failed to properly take their oaths of office, and therefore, do not have the authority to prosecute plaintiffs in a criminal matter currently pending before this court and that they are entitled to immunity from criminal prosecution pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. They filed their complaint in this court on May 18, 2017. The court dismissed the complaint sua sponte and ordered the Clerk to return the filing fee to the plaintiffs. See Docket No. 3. Plaintiffs filed the instant motion on June 13, 2017,

citing to Rule 60 of the Federal Rules of Civil Procedure and claiming that the court's earlier judgment is void for lack of jurisdiction and because the order was procured by fraud.

### Standard of Review

A movant under Rule 60(b) must first "demonstrate the existence of a meritorious claim or defense." Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). After such initial showing, the movant then must "satisfy one or more of the six grounds itemized in the rule on which a vacation of the judgment may be authorized." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). These grounds include: "mistake, [inadvertence], surprise, or excusable neglect; newly discovered evidence; fraud; that the judgment is void; or any other reason justifying relief." In re Wilkins, No. 99-34315, 2003 WL 24004550, at *2 (E.D. Va. Oct. 14, 2003), aff'd sub nom. Wilkins v. Phillips, 101 F. App'x 408 (4th Cir. 2004). A motion under Rule 60(b) is "addressed to the sound discretion of the district court." Square Const. Co., 657 F.2d at 71. "When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds . . . to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations and quotations omitted).

### Discussion

Plaintiffs contend that the court's dismissal of their complaint is void as the court lacks jurisdiction over both the parties and the subject matter or the judgment was procured by fraud. As to the allegation of fraud, plaintiffs proffer not even a scintilla of evidence supporting this claim. See In re Burnley, 988 F.2d at 3 (noting that the grounds for relief "must be clearly substantiated by adequate proof"). Regarding the contention that the court's judgment is void because the court lacks jurisdiction, plaintiffs' argument is nonsensical. It was plaintiffs who

2

sought the jurisdiction of this court by filing their complaint. Moreover, plaintiffs' complaint sounds in civil rights and names the United States as a defendant, clearly granting the court jurisdiction to hear the case. See 42 U.S.C. § 1983; 28 U.S.C. § 1331. Therefore, plaintiffs' motion fails to establish any merit to their claim that the court's earlier judgment is void. Accordingly, the plaintiffs' motion will be denied.

## Conclusion

For the foregoing reasons, the court concludes that plaintiffs have not met their burden of establishing entitlement to relief from the court's May 25, 2017 order dismissing their complaint. As such, the court will deny plaintiffs' motion.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 22d day of June, 2017.

/s/ Conrad

Chief United States District Judge